UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LENA LASHER,

       Plaintiff,

    -v-

ROGER STAVIS, ESQ. and GALLET DREYER & BERKEY, LLP,

       Defendants.

17-CV-6632 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

  This is a *pro se* malpractice suit arising from an appeal of a criminal conviction. Plaintiff Lena Lasher sues her criminal appellate counsel for malpractice and negligence. Defendants move to dismiss. For the reasons that follow, the motion is granted.

**I.  Background**

  In 2015, Lasher was convicted of misbranding drugs, conspiracy, mail fraud, and wire fraud. *See United States v. Lasher*, 12 Cr. 868 (S.D.N.Y.), Dkt. No. 273. She was sentenced to three years' imprisonment. Lasher hired Defendants to represent her on appeal, but the Second Circuit affirmed her conviction. *See United States v. Lasher*, 661 F. App'x 25 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2254 (2017). Lasher then filed a *pro se* motion to vacate under 28 U.S.C. § 2255, which is currently pending before another judge.

  In this Complaint, Lasher alleges (1) that Defendants did not review all the documents they promised to review, (2) that Defendants inadequately argued for bail pending appeal, (3) that Defendants failed to make certain legal or factual arguments on appeal, and (4) that Defendants made various legal mistakes. (*See* Dkt. No. 1 ¶ 1.) Lasher asserts claims for malpractice and negligence. After Defendants moved to dismiss, Lasher moved for leave to file

1

an amended complaint. (Dkt. No. 22.) The proposed amended complaint is substantially similar to the original complaint, but adds details on subject matter jurisdiction and actual innocence.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)). And while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, courts must draw "all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

The Court is mindful of the fact that Lasher is a *pro se* litigant. In cases involving *pro se* plaintiffs, courts construe the complaint liberally and interpret the plaintiff's pleadings "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). As a general rule, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Even in a pro se case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

## III. Discussion

This motion raises two issues: (1) whether the Court has subject matter jurisdiction, and (2) whether the Complaint states a colorable claim of actual innocence.[1] Given Lasher's *pro se* status, the Court considers both the allegations in the original complaint and the allegations in the proposed amended complaint.

### A. Subject Matter Jurisdiction

Negligence and malpractice are state law claims, so Lasher must rely on diversity jurisdiction. The original Complaint does not adequately allege diversity jurisdiction, but the proposed amended complaint does. Specifically, it alleges that Lasher resides in New Jersey, that Defendants reside in New York, and that she seeks over $75,000 in damages. (Dkt. No. 22-1 at 1.) In response to an order from the Court, Defendant Gallet Dreyer & Berkey confirmed that none of its principals resides in New Jersey. (Dkt. No. 26.) Accordingly, subject matter jurisdiction is proper.

### B. Allegation of Actual Innocence

"To state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense." *Carmel v. Lunney*, 70 N.Y.2d 169, 173 (1987) (internal citation omitted).[2] "[U]nder New York law, a plaintiff cannot state a malpractice claim against his criminal defense attorney if his conviction 'remains undisturbed.'" *Hoffenberg v. Meyers*, 73 F. App'x 515, 516 (2d Cir. 2003) (quoting *Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 446 (2000)). This rule also

---

[1] The Court need not, and does not, reach the question whether the Complaint adequately alleges that Defendants' conduct fell below the relevant standard of care.

[2] The parties do not address the issue of choice of law. The Court applies New York law because (1) this Court sits in New York, (2) Lasher's trial and appeal took place in New York, and (3) Defendants practice law in New York. *See Wolfson v. Moskowitz*, No. 08 Civ. 8796, 2009 WL 1515674, at *5 (S.D.N.Y. June 1, 2009) (collecting cases).

applies to alleged malpractice occurring outside of the actual trial if the representation arises out of the criminal proceedings. *Abuhouran v. Lans*, 269 F. App'x 134, 135 (2d Cir. 2008).

Lasher's conviction was affirmed on appeal and still stands.[3] "New York law . . . demands that, in order to 'open the door for even a colorable claim of innocence, criminal defendants must free themselves of the conviction, for the conviction precludes those potential plaintiffs from asserting innocence in a civil suit.'" *Sash v. Schwartz*, 356 F. App'x 555, 556 (2d Cir. 2009) (quoting *Britt*, 95 N.Y.2d at 447). But given that Lasher's § 2255 motion is still pending, it is still possible that her conviction might be overturned. The right course of action, therefore, is to dismiss this case but to allow Lasher to move to reopen the case if and when her conviction is vacated. *See Wolfson*, 2009 WL 1515674, at *2 (granting motion to dismiss without prejudice to refile in the event that plaintiff's conviction is vacated).

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's motion for leave to amend is DENIED as moot. The Clerk of Court is directed to close the motions at Docket Numbers 9 and 22 and to close this case. Plaintiff may move to reopen this case if and when her conviction is vacated. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: June 12, 2018
      New York, New York

                                       J. PAUL OETKEN
                                       United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*

---

[3] The Complaint does not specifically mention that the conviction was affirmed, but the Court takes judicial notice of the Second Circuit's opinion. *See Lasher*, 661 F. App'x 25.