UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENA LASHER,
                              Plaintiff,

-v-

ROGER STAVIS, ESQ. and GALLET
DREYER & BERKEY, LLP,
                              Defendants.

17-CV-6632 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      This is a *pro se* malpractice suit arising from an appeal of a criminal conviction. Plaintiff Lena Lasher ("Lasher") sued her criminal appellate counsel, Roger Stavis and Gallet Dreyer & Berkey, LLP (collectively, "Defendants"), for malpractice and negligence. (Dkt. No. 1.) On June 13, 2018, this Court dismissed Lasher's complaint (Dkt. No. 27), and a final judgment was entered in Defendants' favor on June 14, 2018 (Dkt. No. 28).

      Before the Court now are Lasher's motions to change venue to the United States District Court for the District of New Jersey (Dkt. No. 30) and to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 31). For the reasons that follow, both motions are denied.

**I.    Background**

      In 2015, Lasher was convicted of misbranding drugs, conspiracy, mail fraud, and wire fraud. *United States v. Lasher*, 661 Fed.App'x. 25, 26 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2254 (2017). She was sentenced to three years' imprisonment. *Id.* Lasher hired Defendants to represent her on appeal, but on September 2, 2016, the Second Circuit affirmed her conviction. *Id.*

On August 28, 2017, Lasher commenced this action by filing a complaint against Defendants, alleging malpractice and common law negligence. (Dkt. No. 1.) Defendants then moved to dismiss Lasher's complaint (Dkt. No. 9), and the Court granted Defendants' motions in an Opinion and Order issued on June 13, 2018. (Dkt. No. 27). Final judgment was entered in Defendants' favor on June 14, 2018. (Dkt. No. 28.)

Lasher filed a timely notice of appeal of that judgment on July 9, 2018. (Dkt. No. 29.) On the same day, she served Defendants with a motion to change venue and a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. Nos. 30, 31.) Lasher argues that the Court should have applied New Jersey law when deciding Defendants' motion to dismiss, necessitating reconsideration of the judgment based on the Court's misapplication of New York law. (Dkt. No. 31 at 1.) Lasher also moves for a change of venue from this Court to the District of New Jersey. (Dkt. No. 30 at 1.) Both motions were docketed on July 12, 2018. (Dkt. Nos 30, 31.)

On August 29, 2018, the Second Circuit issued an order holding Lasher's appeal in abeyance pending this Court's adjudication of Lasher's pending motion to alter or amend the judgment. (Dkt. No. 38.) The Court is now prepared to rule on both of Lasher's motions.

## II. Rule 59(e)

### A. Legal Standard

Federal Rule of Civil Procedure 59(e) permits district courts to grant reconsideration of a final judgment, provided any such motion is "filed no later than 28 days after the entry of the judgment."[1] Fed. R. Civ. P. 59(e). "In this Judicial Circuit the standard for granting a Rule

---

[1] This Court signed its Opinion and Order dismissing Lasher's complaint on June 12, 2018, and it was docketed on June 13, 2018, but judgment was not entered against Lasher until June 14, 2018. (Dkt. No. 27.) By the plain terms of Rule 59(e), the twenty-eight-day period in

2

59(e) motion 'is strict, and reconsideration will generally be denied.'" *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, No. 00 Civ. 2474, 2000 WL 1279783, at *1 (S.D.N.Y. Sept. 8, 2000)). In order "to ensure finality and to prevent the practice of a losing party examining a decision and then plugging the gaps," courts in this District have deemed "a motion for reconsideration . . . appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were *put before it on the underlying motion* . . . and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (emphasis in original) (internal quotation marks omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("Rule 59 is not a vehicle for . . . taking a second bite at the apple." (internal quotation marks omitted)). Whether to grant a Rule 59(e) motion is a matter subject to the discretion of the district court. *Schwartz v. Twin City Fire Ins. Co.*, 492 F. Supp. 2d 308, 325 (S.D.N.Y. 2007).

B.  Discussion

Lasher's Rule 59(e) motion presents to the Court for the first time her argument that her legal malpractice and negligence claims should be governed by New Jersey law rather than New York law. In granting Defendants' motions to dismiss, the Court recognized the parties' failure to address choice of law. (Dkt. No. 27 at 3 n.2.) Without the aid of the parties' briefing, the

---

which to file a motion to alter or amend a judgment runs from the date of "the entry of the judgment," rather than from the date of an order underlying that judgment. *See* Fed. R. Civ. P. 59(e). The twenty-eight-day period for Lasher to file her Rule 59(e) motion thus started on June 14, 2018, and extended through July 12, 2018. *See* Fed. R. Civ. P. Rule 6(a). Lasher served Defendants with her Rule 59(e) motion on July 9, 2018, and the motion was docketed on ECF on July 12, 2018. (Dkt. No. 31.) Accordingly, Lasher's Rule 59(e) motion was timely.

Court resolved to apply New York law to Lasher's claims because "(1) this Court sits in New York, (2) Lasher's trial and appeal took place in New York, and (3) Defendants practice law in New York." (*Id.*)

Lasher's Rule 59(e) motion does not cite any changes in controlling law, new evidence, or errors of fact that would alter the Court's previous choice-of-law analysis, and she does not dispute that she failed to address the issue of choice of law prior to the entry of this Court's judgment against her. (Dkt. 31 at 1.) Since a motion to alter or amend a judgment cannot be used to raise arguments that could have been raised at an earlier stage of a litigation, and Lasher's choice-of-law argument could have been raised in the earlier proceeding, she has failed to demonstrate a right to relief under Rule 59(e). *See Analytical Surveys, Inc.*, 684 F.3d at 52. Indeed, courts in this District have applied that principle to cases such as this "where a party raises a choice of law issue on a Rule 59(e) motion that it has not raised prior to entry of judgment," holding that in such circumstances "it is unnecessary for a court to address the motion." *Schwartz*, 492 F. Supp. 2d at 325.

Still, mindful of Lasher's status as a *pro se* litigant and the Court's obligation to construe her claims liberally, *see Varszegi v. Armstrong*, 205 F.3d 1327 (Table), 2000 WL 253697, at *1 (2d Cir. Mar. 6, 2000), the Court will exercise its discretion to review Lasher's choice-of-law argument on the merits.

When a choice-of-law argument is properly raised, "[a] federal court exercising diversity jurisdiction must apply the choice of law analysis of the forum state." *GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 382 (2d Cir. 2006). Under New York's choice-of-law rules, "the first step . . . is to determine whether an actual conflict exists between the laws of the jurisdictions involved." *Forest Park Pictures v. Universal Television*

4

*Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012). "If no actual conflict exists, and if New York is among the relevant jurisdictions, the court may simply apply New York law." *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012). In cases of actual conflict, "[t]he law of the jurisdiction having the greatest interest in the litigation will be applied." *Negri v. Friedman*, No. 14 Civ. 10233, 2017 WL 2389697, at *3 (S.D.N.Y. May 31, 2017) (internal quotation marks omitted).

"Although the choice-of-law analysis would normally require the Court to determine whether there is an actual conflict between the law governing [Lasher's] two tort claims under New York and [New Jersey] law, the Court will forgo that analysis here because, as explained below, the application of [New York] law is appropriate here regardless of whether or not a conflict exists." *Id.* at *4. This is because even if the Court were to find an actual conflict between New York and New Jersey law, the Court would still have applied New York law to Lasher's claims as "[t]he law of the jurisdiction having the greatest interest in the litigation." *Id.* at *3.

As the Court explained in granting Defendants' motion to dismiss Lasher's complaint, "Lasher's trial and appeal took place in New York, and [ ] Defendants practice law in New York." (Dkt. No. 27 at 3 n.2.) For tort claims, "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *Negri*, 2017 WL 2389697, at *3 (quoting *Cooney v. Osgood Mach., Inc.*, 81 N.Y.2d 66, 72 (1993)). And courts regularly apply New York law to legal malpractice claims brought against New York attorneys based on their conduct before New York courts. *See, e.g.*, *Cobalt Multifamily Inv'rs I, LLC v. Shapiro*, 857 F. Supp. 2d 419, 433–34 (S.D.N.Y. 2012); *Wolfson v. Moskowitz*, No. 08 Civ. 8796, 2009 WL 1515674, at *5 (S.D.N.Y.

5

June 1, 2009) ("In a legal malpractice case, New York's interest is predominant when the attorney being sued is licensed in New York and the underlying trial took place in New York.") (collecting cases). Accordingly, because Defendants are licensed New York attorneys and their alleged malpractice occurred in connection with a proceeding before a federal court in New York, New York is the "jurisdiction having the greatest interest in the litigation" between Lasher and Defendants, *see Negri*, 2017 WL 2389697, at *3, and New York law should govern.

The Court also notes that even if New Jersey law governed Lasher's claims, the Court would still have granted Defendants' motion to dismiss. For Lasher to state a claim for legal malpractice under New Jersey law based on Defendants' representation of her on appeal of her criminal conviction, she must show that she suffered an "injury caused by the alleged malpractice" in the form of subsequent "dismissal of the charges, acquittal on retrial, conviction of a lesser included offense or otherwise." *Udoh v. Moreira*, No. 14 Civ. 2929, 2018 WL 623676, at *7 (D.N.J. Jan. 30, 2018) (quoting *McKnight v. Office of the Pub. Def.*, 197 N.J. 180, 182 (2008)). Lasher would be unable to do so here because her conviction has been affirmed on appeal, *Lasher*, 661 F. App'x 25, and she has to date been unable to obtain any other form of post-conviction relief (*see* Dkt. Nos. 37, 39, 40).

For these reasons, the Court concludes that Lasher's choice-of-law argument could not "have reasonably altered the result before the [C]ourt." *See Range Road Music*, 90 F. Supp. 2d at 392 (internal citations omitted). Accordingly, Lasher's Rule 59(e) motion is denied.

## III. Motion to Change Venue

Lasher moves for this action to be transferred to the District of New Jersey.[2] (Dkt. No. 30.) Where, as here, a plaintiff moves to change venue after a plaintiff's complaint has already

---

[2] While it is unclear whether the Second Circuit's stay of Lasher's appeal pending this Court's adjudication of her Rule 59(e) motion also provided this Court with the authority to

been dismissed and a motion for reconsideration has been denied, the motion to change venue cannot be granted because "there is no case to transfer." *See Radin v. Albert Einstein Coll. of Med. of Yeshiva Univ.*, No. 04 Civ. 704, 2007 WL 148696, at *2 (S.D.N.Y. Jan. 19, 2007). Since Lasher's complaint has already been dismissed by this Court and there are no remaining grounds for reconsideration of the judgment pursuant to Rule 59(e), there is no case to be transferred to the District of New Jersey. *See id.* In any event, there is no substantive basis for Lasher's motion to change venue. Here, Defendants are licensed New York attorneys, and all of their alleged malpractice occurred in connection with proceedings that took place in New York. *See Lasher*, 661 F. App'x 25. Because "[a]ll the alleged actions that form the basis of her Complaint occurred in New York[,] venue could not be found in the [District of New Jersey]." *See Radin*, 2007 WL 148696 at *2. Finally, even if Lasher were able to raise compelling grounds for transfer, the late timing of her motion presents insurmountable "concerns of judicial economy that [would] outweigh [any] considerations of inconvenience and expense" that Lasher could conceivably marshal in support of her motion to transfer this fully litigated case. *See Mattel, Inc. v. Robarb's, Inc.*, 139 F. Supp. 2d 487, 490 (S.D.N.Y. 2001).

For all of these reasons, Lasher's motion to transfer this action to the District of New Jersey is denied.

---

entertain her motion to transfer (*see* Dkt. No. 38), this Court in any event retains the authority to deny that motion, *see* Fed. R. Civ. P. 62.1(a)(2).

## IV. Conclusion

For the foregoing reasons, Plaintiff Lasher's motions to alter or amend the judgment pursuant to Rule 59(e) and to change venue are DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 30 and 31.

SO ORDERED.

Dated: December 12, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*